[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case concerns plaintiffs' claim that the defendant locked them out of a garden shop he rented to them and unlawfully disposed of their personal possessions and property. In their complaint the plaintiffs allege a violation of the Entry and Detainer Act; General Statutes § 47a-43; common law conversion and a violation of the Connecticut Unfair Trade CT Page 7754-A Practices Act ("CUTPA"); General Statutes § 42-110a et seq.
The facts giving rise to this dispute are not complicated. The defendant is the owner of a roadside farm stand consisting of a small building which has 2-3 rooms. For a number of years the plaintiffs have sold flowers, usually along the road out of their van, but occasionally from a store. In early June, 1990, the plaintiff Jerome Kenny agreed to rent the defendant's farm stand for $200 per week. Mr. Kenny made an initial payment of $100 together with a check in the same amount that was returned for insufficient funds. Despite Mr. Porriello's repeated requests the defendants did not sign a written lease.
Mr. Kenny took possession of the stand on June 20, 1990. He brought with him items, material and equipment necessary to run a flower shop including refrigerators, buckets, boxes, etc. Additionally, he purchased a substantial inventory of flowers from a local wholesaler. Mr. and Mrs. Kenny also state that they moved into the rented building most of their personal possessions which they testified were previously in storage. They insist that Mr. Porriello gave them permission to store their possessions in CT Page 7754-B the building.
Within a few days of moving into the stand and setting up their business the plaintiffs left for a weekend trip. Upon their return to the stand on June 25, they found the locks to the building changed and thus were unable to gain access to their belongings. A police officer who was called to the building spoke to the defendant who indicated that he had changed the locks and would be consulting with his lawyer.
On two to three occasions subsequent to June 25 plaintiff Jerome Kenny unsuccessfully attempted to gain access to the building to retrieve his items. Finally, in August, 1990, Mr. Kenny's father in law, Joseph Stroud, was provided access to the building and removed some, but not all of plaintiffs' property. His testimony indicates that he was prohibited from removing all of the plaintiffs' belongings because of the belligerent, menacing attitude of the defendant. Mr. Porriello, however, insists that Mr. Stroud was given free access to the premises and was not hindered in his efforts to remove the Kenny's possessions. He claims that Mr. Stroud voluntarily left certain CT Page 7754-C items of little or no value at the building. Mr. Porriello then disposed of these items by hiring a worker to take them to the dump. The Kennys claim that the value of the property removed by Mr. Porriello is approximately $65,000.
The parties contest both liability and damages. The court finds that the defendant committed an illegal entry and detainer as a result of his admittedly changing the locks to the door to the stand and his subsequent refusal to provide the defendants with access to the premises and their property.
General Statutes § 47a-43 prohibits a landlord from entering onto the rented premises and removing and detaining the tenant's personal property. "The process of forcible entry and detainer, provided by our statutes, is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, and who has been forcibly deprived of it, may be restored to the possession and enjoyment of it, may be restored to the possession and enjoyment of that property . . . Section 47a-43 `was made to protect a person in such possession . . . from disturbance by any but lawful and orderly CT Page 7754-D means.'" Berlingo v. Sterling Ocean House, Inc., 203 Conn. 103
(1987).
In this case the defendant admits to changing the locks on the door sometime after June 20, the date on which the plaintiffs took occupancy. It is clear that he changed the locks in response to the plaintiffs' failure to pay rent in a timely fashion. The defendant's action is a classic violation of the entry and detainer statute and is the very type of action that the statute was designed to guard against. In addition, the defendant admits to denying the plaintiffs access to the premises on June 25 when they sought, with the assistance of a police officer, to gain entry to the building. The evidence further demonstrates that on at least two other occasions the defendant denied access to the premises when the plaintiffs sought to reenter and recover their possessions. Pursuant to General Statutes § 47a-45a this court finds that the defendant committed an illegal entry and detainer.
The issue of damages, however, is far more problematic. The plaintiffs submitted a detailed five page list of personal CT Page 7754-E possessions that they claim were lost or destroyed by the defendant. The items range from items and equipment used in the flower business, to clothing and jewelry, including gold bracelets and cashmere sweaters. Neither the five page list nor the plaintiffs' testimony provides a value for these items except in the most conclusory fashion.
In evaluating the plaintiffs claim for damages the court considers the following factors significant. First, although the plaintiffs claim that their belongings were previously in storage at a U-Haul facility, they failed to produce any evidence of that. Second, having been locked out of the premises with approximately $65,000 worth of belongings at risk, they nevertheless departed for two to three weeks on a trip to northern New England. Third, they failed to produce any corroborating evidence either of ownership of the lost items or their value. Fourth, the large amount of items claimed to have been lost, e.g., 3000 long stem roses; 18 cashmere sweaters; 52 dress shirts; is suggestive of inflated claims. Fifth, notwithstanding the initial lockout, the plaintiffs, through their father, had the opportunity to retrieve their belongings. CT Page 7754-F Further, the plaintiffs failed to provide any explanation as to why they did not accompany Mrs. Kenny's father on the day he picked up the belongings.
The evaluation of the credibility of witnesses and the resolution of conflicting testimony is a matter left to the sound discretion of the trial court. Gallicchio Bros., Inc. v. C S OilCo., 191 Conn. 104 (1983). The plaintiffs have failed to prove by competent, reliable evidence either that the items in dispute were in fact moved into the building or that the defendant caused them to be taken to the dump.
Further, even assuming that the defendant unlawfully disposed of some of their items, the plaintiffs have failed to provide sufficient evidence of value upon which damages can be awarded. "That damages may be difficult to assess is, in itself, insufficient reason for refusing them once the right to damages has been established. There is no unbending rule as to the evidence by which damages are to be determined, but the object of the parties ought to be attained as nearly as possible. We recognize that there can be circumstances where the proof of CT Page 7754-G damages may be difficult. Nevertheless, the `court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount." Griffin v. NationwideMoving Storage Co., 187 Conn. 405, 420 (1982) (internal quotations and citations omitted). The plaintiffs have failed to provide this type of evidence. The court does find, however, that the defendant's lockout of the plaintiffs caused floral inventory to spoil and the defendants to lose miscellaneous buckets and equipment. Accordingly, judgment shall enter for the plaintiff in the amount of $1,500, plus costs as to count one. Judgment for the defendant as to counts 2 and 3 of plaintiffs' complaint.
SO ORDERED.
Holzberg, J.